NOT FOR PUBLICATION                                               (Doc. Nos. 24, 26, 27.)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| SANDRA COVELMAN and KENNETH COVELMAN, <br><br>            Plaintiffs, <br><br> v. <br><br> HOTEL ST. REGIS, et al., <br><br>            Defendants. | Civil No. 14-5757 (RBK/KMW) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiffs Sandra and Kenneth Covelman's (collectively "Plaintiffs") Motion to Transfer to the District of Puerto Rico pursuant to 28 U.S.C. § 1631, (Doc. No. 24), and the motions to dismiss (Doc. Nos. 26, 27) of Defendants Starwood Hotels & Resorts Management Company, Inc. and Bahia Beach CH Development, LLC (individually "Starwood" and "Bahia Beach," collectively "Defendants"). For the reasons expressed herein, the Court grants-in-part Plaintiffs' Motion to Transfer, denies Defendant Bahia Beach's Motions to Dismiss, and grants Defendant Starwood's Motion to Dismiss.

I.     FACTUAL ALLEGATIONS

This lawsuit stems from an injury suffered by Ms. Covelman on December 7, 2013 at the St. Regis Bahia Beach Resort in Rio Grande, Puerto Rico. (Second Am. Compl. ("SAC") ¶ 11.) On December 7, 2013, a hotel employee allegedly drove a golf cart-like vehicle towards Ms. Covelman, causing her to fall from a wooden walkway and become injured.

1

Plaintiffs initiated this lawsuit on September 16, 2014. (Doc. No. 1.) This Court directed Plaintiffs to file an amended complaint and to properly allege the citizenship of every defendant, including Bahia, which Plaintiffs had improperly pleaded as "Hotel St. Regis." (Doc. No. 22.) Plaintiffs' filed their Second Amended Complaint on July 9, 2015 properly pleading the citizenship of each defendant. (Doc. No. 23.) According to Plaintiffs' Second Amended Complaint, Starwood is a Delaware corporation with its principal place of business in Connecticut, and Bahia Beach is a Puerto Rican LLC with its principal place of business in Puerto Rico. Bahia Beach consists of three members, one of whom is a citizen of New York and Delaware, and two of whom are citizens of Puerto Rico. (SAC ¶ 4.)

Filed in conjunction with their amended complaint is Plaintiffs' Motion to Transfer, wherein Plaintiffs concede that this Court lacks personal jurisdiction over Bahia Beach. (Doc. No. 34.) Defendants oppose Plaintiffs' motion and subsequently filed motions to dismiss on grounds that this Court lacks personal jurisdiction over Defendants. (Doc. Nos. 26, 27.)

Having been briefed by the parties, the issues are now ripe for the Court's review.

## II.  LEGAL STANDARD

According to 28 U.S.C. § 1631, if a district court finds that it lacks jurisdiction over an action, it must, "if it is in the interest of justice, transfer such action . . . to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. Thus, in order to affect a transfer pursuant to § 1631, the Court must find (1) that the action "could have been brought" in the transferee district and (2) that transfer is in the interest of justice. See, e.g., D'Jamoos v. Pilatus Aircraft Ltd., 566 F.3d 94, 109 (3d Cir. 2009).

Although it is the plaintiff's burden of establishing that a court has proper personal jurisdiction over a defendant, "[i]n the preliminary stages of the litigation . . . that burden is

2

light." Id. at 110 (alteration in original) (quoting Doe v. Nat'l Med Servs., 974 F.2d 143, 145 (10th Cir. 1992)). A plaintiff is required to establish only a "prima facie showing of jurisdiction." Id. As for § 1631's second requirement, transfer will often be in the interest of justice because "dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" Lawman Armor Corp. v. Simon, 319 F. Supp. 2d 499, 507 (E.D. Pa. 2004) (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962)); see also Edwards v. Leach Int'l, No. 15-321, 2015 WL 7295440, at * 2 (D. Del. Nov. 18, 2015) (adding that "the presumption in favor of transfer can be rebutted if transfer would 'unfairly benefit the proponent,' 'impose an unwarranted hardship on an objector,' or 'unduly burden the judicial system'" (quoting D'Jamoos v. Pilatus Aircraft Ltd., et al., No. 07-1153, 2009 WL 3152188, at *3 (E.D. Pa. Oct. 1, 2009))).

### III. DISCUSSION

Plaintiffs seek to transfer this action to the District of Puerto Rico pursuant to § 1631. In so moving, Plaintiffs concede that this Court lacks personal jurisdiction over Bahia Beach. (See Doc. No. 24 at 2.) Plaintiffs contend, however, that this Court has proper jurisdiction over Starwood. (See Pl.'s Opp. Br. 3–4, Doc. No. 32.) Defendants, on the other hand, oppose a transfer, arguing 28 U.S.C. § 1631 permits a transfer only when the transferor court lacks subject matter jurisdiction and not personal jurisdiction, and instead argues for the dismissal of Plaintiffs' suit. (See Defs.' Letter Br., Doc. No. 25.) Defendants argue in the alternative for a transfer to the District of Puerto Rico.

As an initial matter, the Court finds that the weight of authority renders Defendant's interpretation of § 1631 incorrect. The Third Circuit has recognized that § 1631 applies in cases where the transferor court lacks personal jurisdiction over the defendants. See D'Jamoos, 566

3

F.3d at 109–10 (examining the requirements for a transfer under § 1631 when the transferor court lacks personal jurisdiction); see also Edwards, 2015 WL 7295440, at *1 (evaluating Third Circuit precedent and rejecting the notion that § 1631 warrants transfer only in cases where subject matter is lacking); Chicosky v. Presbyterian Med. Ctr., 979 F. Supp. 316, 322 n.5 (D.N.J. 1997) ("[T]he weight of authority among courts in this circuit is that section 1631 does allow transfers where personal jurisdiction is lacking.").[1]

### A. This Court's Jurisdiction over Defendants

In deciding if either transfer or dismissal of Plaintiffs' suit is proper, the Court must first determine whether it has personal jurisdiction over Defendants. When a defendant raises a personal jurisdiction objection, the plaintiff bears the burden of showing that jurisdiction is proper. Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). A plaintiff meets this burden by presenting a prima facie case for the exercise of personal jurisdiction, which requires that he or she establish "with reasonable particularity sufficient contacts between the defendant and the forum state." Id. (citing Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.3d 434, 436 (3d Cir. 1987)). It is insufficient to rely on bare pleadings alone; rather a plaintiff must establish facts relevant to personal jurisdiction by affidavits or other competent evidence. Patterson v. Fed. Bureau of Investigation, 893 F.2d 595,

---

[1] Indeed, Defendants cite only one case—a 1977 case out of the District of Massachusetts—in support of their position. (See Defs.' Letter Br., Doc. No. 25 (citing Pedzewick v. Foe, 963 F. Supp. 48 (D. Mass. 1977).) However, a more recent decision from the U.S. Court of Appeals for the First Circuit appears to place Pedzewick's reasoning in question. In Cimon v. Gaffney, 401 F.3d 1, 7 n.21 (1st Cir. 2005), the Court discussed the availability of transfer under § 1631 for lack of personal jurisdiction, noting its inclination "to read § 1631 as allowing for transfers where a federal court lacks any type of jurisdiction (including personal jurisdiction)." Although the Court's language is only dicta, it renders the reasoning in Pedzewick even less persuasive.

603–04 (3d Cir. 1990) (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 67 n.9 (3d Cir. 1984)).

Sitting in New Jersey, the Court may exercise jurisdiction over an out-of-state defendant only to the extent authorized by the state's long-arm statute. IMO Indus., Inc. v. Kiekert, AG, 155 F.3d 254, 259 (3d Cir. 1998). New Jersey's long-arm statute permits the exercise of personal jurisdiction to the fullest extent permissible under the Due Process Clause. Id.; see Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 145 (3d Cir. 1992) (citing N.J. Court R. 4:4–4(c)) ("The New Jersey long-arm rule extends to the limits of the Fourteenth Amendment Due Process protection."). Thus, "parties who have constitutionally sufficient 'minimum contacts' with New Jersey are subject to suit there." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004).

A court may exercise either "specific" or "general" personal jurisdiction over a non-resident defendant. Id. Specific jurisdiction exists over a defendant "when that defendant has 'purposefully directed [its] activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities.'" Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)). Specific jurisdiction is such that a single contact can support the exercise of personal jurisdiction over a defendant provided that the contact creates a "substantial connection with the forum" and does not upset traditional "notions of fair play and substantial justice." See id. at 97 (outlining considerations relevant to determining whether specific jurisdiction comports with fair play, including "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies" (quoting Burger King, 471 U.S. at 477)).

Alternatively, a court may exercise general personal jurisdiction over a defendant that has "maintained systematic and continuous contacts with the forum state" such that the defendant is essentially "at home" in the forum state.  Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414–15 & n.8 (1984)); see also Daimler AG v. Bauman, 134 S. Ct. 746, 750 (2014) (citing Goodyear Dunlop Tires Op., S.A. v. Brown, 131 S. Ct. 2846, 2853 (2011)).  This burden is steep:  the "at home" inquiry will almost always subject a corporation to general jurisdiction only in the most typical of circumstances, namely (1) where the corporation is incorporated and (2) where its principal place of business is located.  Daimler, 134 S. Ct. at 749–50; see also Jacobs v. Halper, 116 F. Supp. 3d 469, 477–78 (E.D. Pa. 2015) (interpreting the "at home" inquiry as limiting general jurisdiction to the places of incorporation and principle place of business "in all but the most exceptional circumstances").

In this instance, the parties agree that the Court lacks jurisdiction over Defendant Bahia Beach.  Bahia Beach is a citizen of Puerto Rico with no discernible ties to New Jersey that would warrant the exercise of general jurisdiction.  Plaintiffs' claims arise out of an incident that took place in Puerto Rico, and therefore this Court finds no basis for any exercise of specific jurisdiction.  As such, the Court finds that it lacks jurisdiction over Defendant Bahia Beach.

Plaintiffs argue that this Court has general jurisdiction over Defendant Starwood because Starwood maintains a website that advertises fourteen hotels located in New Jersey and allows consumers to make reservations.  (See Opp. Br., Doc. No. 32.)  However, "[a]n interactive website alone is insufficient to create general jurisdiction."  Wurth Adams Nut & Bolt Co., v. Seastrom Mfg. Co. Inc., No. 14-03804, 2015 WL 1530969, at *1 (D.N.J. Apr. 6, 2015) (quoting Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 454 (3d Cir. 2003)).  Instead, to properly

6

exercise general jurisdiction, the Court must find evidence that the defendant directly targeted its website to residents of the state, "knowingly interacted with residents of the forum state via its website," or through other sufficient contacts.  Id.  Moreover, after Daimler, these contacts must not be simply "continuous and systematic," but they must be so continuous and systematic to render Starwood effectively "at home" in New Jersey.  See Daimler, 134 S. Ct. at 197.

     In this instance, Plaintiffs have not demonstrated that Starwood's website constitutes the type of continuous and systematic contact that renders it at home in New Jersey.  Even if Starwood indeed allows booking on its website for hotels located in New Jersey—which it undisputedly does not own or operate—Plaintiff has not demonstrated that Starwood's website intentionally targets residents in New Jersey through advertisements or otherwise or that Starwood knowingly interacts with residents of New Jersey through its website.  Advertising hotels on its website to consumers at large does not subject it to general jurisdiction in New Jersey—its contacts must be purposefully targeted to New Jersey's citizens, and its contacts must be substantial.  Here, Plaintiff has not offered any evidence of even a single contact with a New Jersey resident.  As such, Starwood's website does not constitute a contact with New Jersey that is so systematic and continuous as to warrant subjecting it to general jurisdiction in this State.  Accordingly, the Court finds that it lacks general jurisdiction over Starwood.[2]

**B. Plaintiffs' Motion to Transfer Pursuant to § 1631**

     Having decided that this Court lacks jurisdiction over Defendants Bahia Beach and Starwood, it must then determine whether the action satisfies the requirements of § 1631 such

---

[2] Although Plaintiffs have not argued that this Court possesses specific jurisdiction, it goes without saying that the Court does not have specific jurisdiction over Starwood either.  As stated supra, the events giving rise to this litigation took place in Puerto Rico, and therefore Plaintiffs' claims do not arise out of Starwood's contacts with New Jersey.

that a transfer to the District of Puerto Rico is appropriate. As stated supra, the Court must transfer if doing so is "in the interest of justice" and if the action could have "originally been brought" in the transferee district. 28 U.S.C. § 1631. This latter requirement is satisfied if the Court determines that venue is proper in the transferee district and if the transferee court could have properly exercised personal and subject matter jurisdiction over the action. Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970) (discussing whether a case could have "originally been brought" in the transferee district for purposes of 28 U.S.C § 1404).

The parties do not dispute that the District of Puerto Rico is a proper venue for this action. Indeed, both Bahia Beach and Starwood address at length Puerto Rico's interest in this suit, and the circumstances rendering Puerto Rico the most convenient forum for this litigation. (See Starwood's Mot. to Dismiss 9–14; Bahia Beach's Mot. to Dismiss 9.) The Court agrees and finds that venue is proper in the District of Puerto Rico. Not only is Puerto Rico where the events giving rise to this litigation took place and where witnesses are located, but its laws are to govern this action.

Next the Court must determine whether the District of Puerto Rico could properly exercise subject matter jurisdiction over the action and personal jurisdiction over the Defendants. Because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, a district court sitting in Puerto Rico would properly exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332. It is also clear that Bahia Beach as a citizen of Puerto Rico is subject to personal jurisdiction in the District of Puerto Rico.

The Court finds, however, that Plaintiffs have not established that Starwood would be subject to personal jurisdiction in Puerto Rico. Starwood is a citizen of Delaware and Connecticut, and Starwood is not the owner or operator of the hotel where Plaintiff was injured.

There is no evidence in the Record as to the amount of business Starwood conducts in Puerto Rico, if any.  In the absence of this evidence, the Court cannot find that Plaintiff has met her burden of establishing a prima facie showing of jurisdiction.  The fact that Starwood has not objected to personal jurisdiction in Puerto Rico is insufficient.  Plaintiff must establish that personal jurisdiction exists over each defendant in the transferee district.  See D'Jamoos, 556 F.3d at 110.  As such, the Court exercises its authority to sever Plaintiff's claims against Starwoods.  See id. ("[W]here a case could have been brought against some defendants in the transferee district, the claims against those defendants may be severed and transferred while the claims against the remaining defendants, for whom transfer would not be proper, are retained."). Plaintiffs' motion to transfer her case against Starwood is denied, and Starwood's motion to dismiss for lack of personal jurisdiction is granted.[3]

The Court also finds that transferring Plaintiffs' case against Bahia Beach is preferable to dismissal. First, as demonstrated above, Plaintiffs could have originally filed their case against Bahia Beach in Puerto Rico.  Second, had Plaintiffs done so, they would have been in compliance with Puerto Rico's applicable statute of limitations.  See P.R. Laws tit. 31, § 5298(2) (providing a one-year statute of limitations for negligence actions).   Lastly, transferring the case against Bahia Beach is in the interest of justice.  Doing so would prevent Plaintiffs from paying

---

[3] Because the Court's finding is not an adjudication on the merits, the Court's dismissal is without prejudice.  Plaintiffs are entitled to refile their claims against Starwood in the District of Puerto Rico provided they cure any jurisdictional defect.  See Fed R. Civ. P. 41(b) (providing that dismissals for lack jurisdiction, improper venue, or failure to join a party do not operate as adjudications on the merits unless explicitly stated); see also Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances, 723 F.2d 357, 360 (3d Cir. 1983) ("[A] dismissal for want of in personam jurisdiction is not a judgment on the merits of the cause of action itself . . . [and therefore, Plaintiff] was entitled to file a second suit on the same cause of action. (citations omitted)).

9

another filing fee, and it would prevent the statute of limitations from resuming.  These factors indicate that a transfer is in the interest of justice.

**IV.     CONCLUSION**

For the reasons stated above, Plaintiffs' Motion to Transfer pursuant to 28 U.S.C. § 1631 is granted-in-part.  The Court will transfer Plaintiffs' claims against Bahia Beach to the District of Puerto Rico.  Defendant Starwood's Motion to Dismiss is granted, and Bahia Beach's Motion to Dismiss is denied.  An appropriate order will issue today.

Dated: 02/24/2016                                                                       s/Robert B. Kugler
                                                                                                    ROBERT B. KUGLER
                                                                                                    United States District Judge

10